### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**JARED J. RIBARDI**                                                                     **PLAINTIFF**
*ADC #183305*

**v.**                                        **No: 4:26-cv-00503-BSM-PSH**


**HUBBARD,** *et al.*                                                          **DEFENDANTS**

## <u>ORDER</u>

Plaintiff Jared J. Ribardi, an inmate at the Arkansas Division of Correction's

Tucker Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 15, 2026

(Doc. No. 2).  Ribardi was subsequently granted leave to proceed *in forma pauperis*

("IFP") and directed to file an amended complaint to clarify his claims (Doc. No.

3).[1]  Ribardi was specifically directed to provide names for or otherwise describe the

defendants he seeks to sue and to explain why he believes each defendant violated

his constitutional rights.  *Id.*  On June 5, 2026, Ribardi filed several notices and/or

motions (Doc. Nos. 4-7) and an Amended Complaint (Doc. No. 9).  On June 10,

2026, he filed an affidavit (Doc. No. 10).  On June 24, 2026, he filed a reply to the

---

[1] The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A.  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

Court's order directing him to amend stating he did know the specific constitutional protections that he alleges were violated (Doc. No. 12).  For the reasons explained below, the Court offers Ribaldi a second opportunity to amend his complaint and denies his pending motions.

**1.      Deficiencies in Ribardi's Amended Complaint**

*A.      Sexual Assault Claim*

Ribardi alleges that while incarcerated at the Delta Regional Unit in 2024, he sought treatment for a medical issue, and "under the guise of a supposed (sic) medical treatment, and medical issue, a medical provider for Wellpath sexually abused me over the course of a few months."  Doc. No. 9 at 5.  Sexual harassment or abuse of an inmate by a prison guard may constitute the unnecessary and wanton infliction of pain which is forbidden by the Eighth Amendment.  *See Glover v. Paul*, 78 F.4th 1019, 1022 (8th Cir. 2023); *Kahle v. Leonard,* 477 F.3d 544, 553 (8th Cir. 2007); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997).  To pursue such a claim, a prisoner must allege sexual contact that was nonconsensual, resisted, or coerced. *See Howard v. Everett*, 208 F.3d 218 (8th Cir. 2000) (unpublished); *Richardson v. Duncan*, 117 F.4th 1025, 1030 (8th Cir. 2024). Further, harassment without any physical contact is insufficient to constitute the unnecessary and wanton infliction of pain." *Philmlee v. Byrd*, No. 4:10cv00221-BSM-HDY, 2010 WL 6549829, at *3

2

(E.D. Ark), *report and recommendation adopted*, 2011 WL 1542655 (E.D. Ark.), citing *Howard v. Everett*, *supra*.[2]

In Ribardi's Amended Complaint, he provided a name of one Wellpath defendant (medical provider Hubbard), but the statement of claim in his Amended Complaint is the same as his original complaint. *See* Doc. No. 9 at 5-7; Doc. No. 2 at 4-6. It is not clear whether Hubbard is the Wellpath employee he alleges sexually assaulted him in 2024 at the Delta Regional Unit, or whether Hubbard was alleged to be involved in some other way. Further, Ribardi provides no details regarding the nature of the medical treatment he received or the alleged assault.[3] In a Second Amended Complaint, Ribardi should identify by name or describe (by title, appearance, *etc.*) the medical provider who allegedly assaulted him and provide more information regarding the nature of the assault.

---

[2] For examples of unconstitutional sexual harassment or abuse, see *Williams v. Prudden*, 67 F. App'x 976, 977 (8th Cir. 2003) (unpublished) (finding plaintiff "sufficiently state[d] an Eighth Amendment claim by alleging that [defendant] forcibly ground his pelvis against her, grabbed her breast, verbally demanded sexual favors, made physical sexual advances, and attempted to force himself upon her."); *Seltzer–Bey v. Delo,* 66 F.3d 961, 962–63 (8th Cir. 1995) (reversing a grant of summary judgment where motions for discovery were pending and the plaintiff had attested to, among other things, a sexual assault by a prison official, daily strip searches during which prison officials made sexual comments about the plaintiff, and one incident where the prison official conducting the strip search rubbed the plaintiff's buttocks with a nightstick while making suggestive comments); *Watson v. Jones,* 980 F.2d 1165, 1166 (8th Cir. 1992) (reversing a grant of summary judgment where the plaintiffs attested that prison officials were engaging in almost daily, sexually harassing pat-down searches).

[3] The Court notes that Ribardi does not provide any additional facts about the alleged sexual assault in his affidavit, but merely reiterates his claim that he was sexually assaulted by a Wellpath staff member at the Delta Regional Unit. *See* Doc. No. 10 at 3.

### B.   Involvement of Other Defendants

In his Amended Complaint, Ribardi also names as defendants Captain Derrick Jones, Captain Williams and other Doe defendants by their job titles.  Doc. No. 9 at 1-2 & 7.  Despite being directed to do so, Ribardi has not described how these defendants were specifically involved in the violation of his rights.  A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation.  *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).  And to state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action.  *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).  In a Second Amended Complaint, Ribardi should specifically describe how each named defendant may have violated his constitutional rights.

### C.   PREA Investigation

Ribardi indicates some defendants were involved in a PREA[4] investigation, had him falsify records concerning the alleged sexual assault, and destroyed

---

[4] PREA refers to the Prison Rape Elimination Act of 2003.

4

documents concerning his claims. Doc. No. 9 at 5. Ribardi has no constitutional right to have a particular type of PREA investigation. *See e.g., Featherston v. Horan,* No. 4:22-CV-00154-BSM-JTR, 2022 WL 2196743, at \*4 (E.D. Ark. May 27, 2022), *report and recommendation adopted,* No. 4:22-CV-00154-BSM-JTR, 2022 WL 2193088 (E.D. Ark. June 17, 2022) (and cases cited there). Even if prison regulations require certain procedures be followed in a PREA investigation, inmates do not have a constitutionally protected right to require prison officials to comply with such rules or procedures. *See Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Additionally, as a private citizen, Ribardi has no judicially cognizable interest in the prosecution or non-prosecution of another. *See, e.g.*, *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *see generally Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009) and cases cited therein. In a Second Amended Complaint, Ribardi should clarify whether he brings claims based on the handling of his PREA investigation.

## 2.    Second Opportunity to Amend

Ribardi will be allowed one ***final*** opportunity to clarify his claims by filing a Second Amended Complaint on the form provided. He should note that he need not specifically identify the constitutional provisions that may have been violated; he must simply describe the facts underlying his claim for relief. The Court construes a *pro se* complaint "in a way that permits the layperson's claim to be considered

within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). Ribardi is cautioned that an amended complaint will render his prior complaints without legal effect; only claims properly set out in the amended complaint will be allowed to proceed.[5] Accordingly, his Second Amended Complaint should identify all defendants he seeks to name in this matter, how each defendant violated his constitutional rights, all claims he seeks to pursue in this action, and the factual predicate for all claims against all defendants. Ribardi is specifically warned that the Court will not piece together his complaint from varied notices and motions. In the event Ribardi fails to file an amended complaint conforming to this order within thirty days, some or all of his claims may be dismissed. The Clerk of Court is directed to send Ribardi a blank § 1983 form.

### D.     Pending Notices and/or Motions

Also before the Court are several notices and/or motions filed by Ribardi. First, he filed a "Notice to the Court and Injunctive Relief Requested" letter (Doc. No. 4). Ribardi requests that the Court instruct unnamed defendants to not question him as part of an internal affairs investigation. This request is DENIED. The Court does not interject itself into prison administration and cannot award injunctive relief

---

[5] It is "well-established" that subsequent complaints supersede prior complaints and render preceding complaints "without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

6

without a proper motion and supporting brief.[6]  *See* Local Rule 7.2(e), Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas ("Pretrial motions for temporary restraining orders, motions for preliminary injunctions, and motions to dismiss, shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief.").  Further, any request for injunctive relief must be related to his underlying claims in this lawsuit.

Ribardi's motion to include all state claims in this case (Doc. No. 5) is DENIED.  If he intends to bring claims under Arkansas law, he may include those claims in his Second Amended Complaint.  Likewise, his motion regarding diversity jurisdiction (Doc. No. 6) is DENIED.  Ribardi need not rely on diversity jurisdiction for this case.  The Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, and may exercise supplemental jurisdiction over any related state law claims.  28 U.S.C. §§ 1331, 1367.

---

[6] The granting of injunctive relief is an extraordinary remedy, particularly in a prison context.  *See Goff v. Harper*, 60 F.3d 518 (8th Cir. 1995).  In considering whether to grant such relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.  *See Dataphase Systems, Inc. v. CL Systems, Inc*., 640 F.2d 109 (8th Cir. 1981).  "The burden of proving that a preliminary injunction should be issued rests entirely with the movant."  *Goff*, 60 F.3d at 519-521 (citing *Modern Computer Systems v. Modern Banking Systems,* 871 F.2d 734, 737 (8th Cir. 1989) (en banc)).

Finally, Ribardi's request for the addresses for all district courts (Doc. No. 7) is DENIED. Ribardi does not explain why he would need such addresses other than this Court's address to prosecute this case.

IT IS SO ORDERED this 8th day of July, 2026.

_____
UNITED STATES MAGISTRATE JUDGE